IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT A. BRAYSHAW,

    Plaintiff,

vs.                                      Case No. 4:10cv272-SPM/WCS

OFFICER ANNETTE P GARRETT,
OFFICER MICHAEL E. DILMORE,
and the CITY OF TALLAHASSEE,

    Defendants.

_____/

**O R D E R**

Plaintiff Robert Brayshaw has filed a document entitled "response to City of Tallahassee's request to court for 'unconstitutional gag-order' against Rob Brayshaw." Doc. 26.  The only motion filed by the Defendant City of Tallahassee in this case is a motion to dismiss, doc. 21, filed on October 6, 2010.  Plaintiff has already filed a response to that motion.  Doc. 23.  A ruling will be entered in due course.

Plaintiff's response, doc. 26, asserts that he received an email from opposing counsel requesting that counsel "be notified first before any filings are filed before this court as has been done today."  *Id.*, at 1.  Plaintiff has attached copies of correspondence to that response.  Doc. 26.

Court rules prohibit furnishing copies of such correspondence except when necessary as an exhibit when seeking relief from this Court.  N.D. Fla. Loc. R. 7.1(F)(2).  As Plaintiff has not filed a motion, and no motion was filed by Defendant to which Plaintiff has properly filed a response, the attachments have not been considered.

Plaintiff is advised, however, that any party who files a motion in this Court, with the limited exception of a few specific types of motions, must "confer with counsel for the opposing party and shall file with the court, at the time of filing a motion, a statement certifying that counsel or the *pro se* party has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised or has attempted to so confer but, for good cause stated, was unsuccessful."  N.D. Fla. Loc. R. 7.1(B).  Thus, it is generally necessary for Plaintiff and opposing counsel to confer on motions which are filed prior to the document being filed.

Additionally, Plaintiff indicates on page two of his response that filings have been sent to the Defendants at their homes addresses "because they are being sued as private individuals and not only as police officers in their official capacities."  Doc. 26, p. 2.  Plaintiff must confer and communicate with opposing counsel in this case who represent Defendants, and not directly with the Defendants.  Plaintiff shall not send mail to the individuals who are represented by counsel.

Plaintiff has filed a motion to compel acceptance of service.  Doc. 24.  Plaintiff indicates he is mailing documents to the two individuals named as Defendants in this case.  *Id.*  He states that Defendant Garrett has refused the mail.  *Id.*

Plaintiff is advised that on October 6, 2010, a notice of appearance and waiver of service was filed for both Defendants Garrett and Dilmore.  Doc. 20.[1]  Plaintiff is reminded that in the order directing service, he was directed to deliver a copy of the amended complaint to each Defendant.  Doc. 7.  Thereafter, Plaintiff is "required to mail *to the attorney for* Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  *Id.*, at 4 (emphasis added).  Plaintiff shall not continue to send to the individual Defendants any documents he seeks to file, but only to opposing counsel who represents Defendants.

Defendants have filed a response to Plaintiff's motion, requesting that Plaintiff be ordered to cease and desist making direct communication with the individual Defendants or their families.  Doc. 25.  The request is not filed as a motion, but Plaintiff is advised that should such a motion be filed, it will be granted.  It is believed that this cautionary order to Plaintiff will suffice.  Plaintiff shall only communicate with opposing counsel as is the rule in litigation.  Furthermore, this is civil litigation requiring civility between the parties.  Plaintiff shall refrain from bringing extraneous matters into this litigation and from making personal and derogatory comments.

Additionally, Plaintiff has now published Defendant Garrett and Dilmore's addresses in court records, which are public documents.  Docs. 23 and 24.  Florida law protects the confidentiality of the addresses of law enforcement, for good reason.  Rather than put the Clerk to the laborious task of redacting the addresses, those documents shall be placed under seal.  Plaintiff has copies since he filed them.  Plaintiff

---

[1] The notice incorrectly was entered on the docket as "Waiver of Service Returned Unexecuted."  As it is actually a waiver of service, Defendants' counsel should correct the docket entry.

Case No. 4:10cv272-SPM/WCS

is warned that he shall not again file a document with the address of a law enforcement officer in the body of the document.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion to compel acceptance of service, doc. 24, is **DENIED**.

2. Plaintiff shall not communicate directly with the individual Defendants. All communications in connection with this case shall be with the attorney for the Defendants.

3. Plaintiff shall not file another document in this case that contains the address of a law enforcement officer.

4. Plaintiff shall cease his personal attacks and name-calling in documents filed in this case. Plaintiff is permitted to argue the issues, but must do so with courtesy and respect for this court and the judicial process.

5. Plaintiff is warned that this order must be obeyed and will be enforced with sanctions should the specific provisions be violated.

6. The Clerk of Court shall place docs. 23 and 24 under seal. Should a member of the public wish to view these documents, a further order will be entered requiring redaction of addresses.

7. The Clerk of Court shall return this file to me upon receipt of an answer to the amended complaint or similar response from Defendants Garrett and Dilmore, or no later than November 6, 2010.

**DONE AND ORDERED** on November 3, 2010.

                    s/ William C. Sherrill, Jr.
                    **WILLIAM C. SHERRILL, JR.**
                    **UNITED STATES MAGISTRATE JUDGE**