**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT A. BRAYSHAW,**

       **Plaintiff,**

**vs.**                          **Case No. 4:10cv272-SPM/WCS**

**OFFICER ANNETTE P GARRETT,
OFFICER MICHAEL E. DILMORE,
and the CITY OF TALLAHASSEE,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Pending is a motion to dismiss filed by Defendant City of Tallahassee.[1] Doc. 21.

Plaintiff filed a response. Doc. 23.

Plaintiff's amended complaint, doc. 6, is brought under 42 U.S.C. § 1983 and

asserts constitutional claims (counts III and IV, pp. 27-32), as well a claim for negligent

(count I, p. 24), gross negligence (count II, p. 25), conspiracy (count V, pp. 32-33),

racketeering (count VII, pp. 34-35), malicious prosecution (count VIII, pp. 35-37), and

state law claims (counts VI, VIV-X, pp. 33-34, 37-40).

_____

[1] Also pending is a motion to dismiss filed by the individual Defendants, Dilmore and
Garrett, doc. 34, and Plaintiff has filed a response to that motion. Doc. 36. This report
and recommendation will address only the motion to dismiss filed by the City.

Plaintiff alleges that in April and May, 2007, Defendant Garrett (a police officer) was investigating a reported trespass. Doc. 6, p. 2. At that time, Plaintiff and his wife (who is not a party in this case) were property managers at the Dakota Apartments. *Id.*, at 2-3. Plaintiff claims that Defendant Garrett harassed him during the investigation, and that the investigation was unreasonably long. *Id.*, at 3-4. Plaintiff suggests that Defendant Garrett intentionally extended the investigation for two months to harass Plaintiff and his family. *Id.*, at 4. Plaintiff was not arrested, and the trespassing case was not prosecuted. *Id.*

Plaintiff further alleges that on May 12, 2008, police arrived at his home to arrest Plaintiff, but Plaintiff states that he was at the hospital at the time. *Id.*, at 5. At 1:00 a.m. on May 13th, Plaintiff reported to the Leon County Jail, and was booked "for publishing an address of an officer on the web," which Plaintiff states occurred approximately one month prior to his arrest. *Id.*, at 5. Allegedly, Defendant Garrett "targeted" Plaintiff and "labeled him an 'Anti-Police Problem for Written Complaints' with the aid of her fellow Officer, [Defendant] Dilmore." *Id.* Plaintiff contends these two Defendants "are not tolerate of criticism or questioning with the 'Blue Wall' supported by their partners in crime." *Id.*, at 6. Plaintiff alleges that he began to be harassed by Defendant Garrett and "her buddies" because Plaintiff was critical of the manner in which Defendant Garrett handled the April, 2007, trespassing investigation. *Id.*, at 6-7. The amended complaint indicates that Plaintiff posted "public and truthful information" on the internet about Defendant Garrett, including her home address. *Id.*, at 7-8. Based on that posted information, Plaintiff was arrested and charged with two crimes. *Id.*, at 16. Plaintiff alleges that state court Judge Aikens "had no legal justification" to

issue an arrest warrant based on Defendant Dilmore's false probable cause affidavit, and further alleges that the case against Plaintiff was a conspiracy aimed at destroying the lives of Plaintiff and his wife.  *Id.*, at 14-15.

Plaintiff contends that both Defendants Dilmore and Garrett were acting for "political revenge" against Plaintiff to "punish" him for his criticism of the officers.  *Id.*, at 12.  Plaintiff alleged much bias and prejudice against him, from the police, prosecutors, public defenders, and even state court judges assigned to Plaintiff's case.  *Id.*, at 12-13. Plaintiff surmises there must have been "crude, ex parte attempts with the prosecutors and/or judges to influence or compromise the case" and the prosecution of Plaintiff was part of "a 'good ol' boy network' of government connections . . . ."  *Id.*, at 15-16.

Plaintiff's case went to trial on December 9, 2008.  *Id.*, at 21.  Without explaining clearly what happened, Plaintiff suggests the action resulted in a "bona fide termination in" Plaintiff's favor.  *Id.*, at 35.  Plaintiff alleges that the "whole ordeal . . . was an attempt to punish and financially ruin a family of Tallahassee citizens that was often too critical of [Defendant Garrett] as an Officer paid by tax payer's income."  *Id.*, at 22.  Plaintiff seeks general damages, punitive damages, treble damages and all remedies and relief available to him for the circumstances alleged.  *Id.*, at 40.

## Motion to dismiss, doc. 21

The City of Tallahassee contends that all claims made by Plaintiff in this case are "based on the same nucleus of operative facts as those involved in prior litigation between plaintiff and the City, wherein judgment for damages was entered in favor of plaintiff and against the City, the judgment was paid by the City and a satisfaction of judgement filed by plaintiff."  Doc. 21, p. 2.  The City seeks dismissal due to *res judicata*.

**Standard of review**

In reviewing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing

to state a claim upon which relief can be granted, the court must consider whether the

plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the

standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that

dismissal should not be ordered unless it appears beyond doubt that plaintiff could

prove "no set of facts" in support of his claims which would entitle him to relief).  The

pleading standard is not heightened, but flexible, in line with Rule 8's command to

simply give fair notice to the defendant of the plaintiff's claim and the grounds upon

which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d

1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions.").  A complaint does not need detailed factual allegations to survive a

motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief

beyond mere "labels and conclusions, and a formulaic recitation of the elements of a

cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides
> sufficient notice, a defendant can move for a more definite statement
> under Rule 12(e) before responding.  Moreover, claims lacking merit may
> be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

A court must accept the factual allegations of the complaint as true, Shotz v.

American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not

permissible because of "a judge's disbelief of a complaint's factual allegations."

Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.

**Whether the motion to dismiss should be deemed to be a motion for summary judgment**

Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997), *citing* 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller). "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss w ill not require conversion of the motion into a motion for summary judgment." Brooks, 116 F.3d at 1369, *quoting* Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *see also* Beddall v. State

Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).  Guiding the decision of

whether the court may consider an extrinsic document in ruling on a motion to dismiss is

if the document is (1) central to the plaintiff's claim, and (2) its authenticity is not

challenged.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); *see also* Maxcess,

Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340 (11th Cir. 2005) ("a document

outside the four corners of the complaint may still be considered if it is central to the

plaintiff's claims and is undisputed in terms of authenticity.").

Plaintiff does not dispute the authenticity of the complaint filed in his other case,

nor does he dispute that the other case was filed and resulted in judgment in his favor.

*See* doc. 23, p. 5.  Plaintiff references the first case in the amended complaint here, and

it is central to Plaintiff's claim because he relies upon its holding that the Florida statute

is unconstitutional to contend he was falsely arrested.  The crucial nature of the case is

also relevant by Plaintiff's extensive discussion of the case in his response, and the

lengthy quotations Plaintiff sets forth (without noting he is actually quoting from Judge

Smoak's order).  Doc. 23, pp. 13-17.  Considering the complaint filed in that case does

not require conversion of the motion to dismiss into a motion for summary judgment.

Brooks, 116 F.3d at 1369, *quoting* Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987

F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to

dismiss are considered part of the pleadings if they are referred to in the plaintiff's

complaint and are central to her claim."); *see also* Beddall v. State Street Bank and

Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

I have not considered other documents presented by the parties.  I have,

however, taken judicial notice of several filings from that first case.  The Court may take

judicial notice of a litigant's prior cases under Fed. R. Evid. 201(b).  There is no need to

convert the motion to dismiss into one for summary judgment in this situation.  *See*

Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-77 (11th Cir. 1999).  Plaintiff is well

aware of the prior case, and there is no dispute about that case.  "The purpose of Rule

12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled

to legal relief even if everything alleged in the complaint is true."  Boyer v. Board of

County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing*

Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483,

1487 (11th Cir. 1997).  That purpose is fulfilled here.

**Analysis**

Plaintiff argues that the claims he brings in this case "are <u>NOT BASED</u> on the

same nucleus of operative facts as those involved in prior litigation between Plaintiff and

The City, wherein judgment for attorney costs was entered in favor of Plaintiff and

against the City, the judgment was paid by the City and a satisfaction of judgment filed

by plaintiff."  Doc. 23, p. 1.  The prior litigation is identified as Brayshaw v. City of

Tallahassee, case no: 4:09cv373-RS-WCS, filed in this Court.  Doc. 23, p. 1.  Plaintiff

asserts that the case was only "a constitutional challenge of 843.17" and did not involve

the same claims he now brings.  *Id.*, at 1-2.  Plaintiff contends the case is not barred by

*res judicata.  Id.*, at 2.

Attached to the first motion to dismiss, doc. 21, is a copy of the first amended

complaint filed in case number 4:09cv373.  That document makes clear that Plaintiff

was twice arrested because he published the name, address, and phone number of

Defendant Garrett.  Doc. 21-1, p. 6.  The State dismissed the initial charge on

December 9, 2008. *Id.* The charge was re-filed in less than two weeks, but on "April 15, 2009, the charge was dismissed with prejudice due to the State's failure to comply with Fla. R. Crim. P. 3.191 (speedy trial requirements)." *Id.* In case number 4:09cv373, Plaintiff sought to have the statute declared unconstitutional both on its face and as applied to Plaintiff. *Id.*, at 7. Plaintiff also requested that an injunction be entered prohibiting the enforcement of § 843.17. *Id.*, at 8.

District Judge Smoak held that Florida § 843.17 was unconstitutional as it was not "narrowly tailored to serve a compelling government interest." Brayshaw v. City of Tallahassee, 709 F.Supp.2d 1244, 1250 (N.D. Fla. 2010). Judge Smoak entered summary judgment in favor of Plaintiff and against the City of Tallahassee and awarded Plaintiff "$25,000, pursuant to the parties' stipulation." *Id.* It was stipulated by the parties that the $25,000 payment was "in full satisfaction of [Plaintiff's] claim for *damages*, attorneys' fees and costs against the City of Tallahassee, Florida." Doc. 58, case number 4:09cv373 (emphasis added).

Plaintiff acknowledges that in the first case filed, he claimed that his "arrest and prosecution" for publishing Defendant Garrett's personal information such as home address "violated [his] First and Fourteenth Amendment rights." Doc. 23, p. 4. Plaintiff attempts to differentiate the case at bar from the first case by pointing out that he did not allege a Fourth Amendment claim in the first case. *Id.* Plaintiff argues that in the earlier case he only sought a judgment declaring the statute was unconstitutional for violating his First and Fourteenth Amendment rights. Doc. 23, p. 4. Plaintiff also contends that the City has "not taken any responsibility, accountability or transparency for any damages to their wrongful and illegal actions" and Plaintiff asserts that the City "strictly

paid $25,000 for attorney fees based upon their illegal use of an unconstitutional state law of Florida Statute 843.17 . . . ." Doc. 23, p. 2.[2] Plaintiff contends the City has "not paid any damages or offered any apology for the wrongful and illegal actions of their officers . . . ." *Id.* Plaintiff also acknowledges that he published information about Defendant Garrett on a website, Ratemycop.com, and did so "due to her harassments towards [Plaintiff] and [his] family in which she was monitoring the website in which no threat was ever made which did not result in any legally applied arrest." *Id.*, at 3. He maintains that Defendant "Dilmore under the perversion of [Defendant] Garrett" investigated the published information. *Id.*

Plaintiff explains that he and the City "entered into a stipulation of judgment on plaintiff's claims whereby plaintiff would be awarded $25,000 in full satisfaction of his claims for attorney fees and costs in relation to the unconstitutional law of Florida Statute 843.17 as challenged in this court . . . ." Doc. 23, p. 4. Plaintiff maintains that the prior case did not settle this controversy; he believes "we have only settled the dispute of an unconstitutional law with many more issues to litigate based upon false police reports with the acting of bad faith and with malice by these two officers." *Id.*, at 5. Plaintiff states that he has "not litigated or had the opportunity to litigate this matter." *Id.* Plaintiff argues that the claims raised in this case "could not have been reasonably raised in a prior proceeding based upon a mere constitutional challenge of an unconstitutional law." *Id.* He asserts that the prior case's focus was "to establish [his] innocence that no crime ever exists in which [he] was never convicted or even brought

---

[2] That assertion is incorrect as the Stipulation states the monetary award was "in full satisfaction of his claim for damages, attorneys' fees and costs . . . ." Doc. 58, case 4:09cv373. Plaintiff was paid an amount for damages.

to trial for that matter." *Id.* Plaintiff argues that the same individuals are involved, "but a constitutional challenge is not the same for this damages claim based upon false police reports of bad faith and malice by officers involved." *Id.* Plaintiff argues the parties are not identical, and the causes of action are not the same in both cases. *Id.* Plaintiff contends the motion to dismiss should be denied because Plaintiff's "current claims are not really based on the same factual predicate as the previous actions for the back-story against the City which did not result in a final judgment on the merits to the claims listed within" this complaint. *Id.*, at 8.

"Under the doctrine of res judicata, a claim is barred by prior litigation if: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999), *quoted in* Griswold v. County of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010). In this case, the parties do not dispute that Plaintiff's prior suit involved a final judgment on the merits by a court of competent jurisdiction, and there is no dispute that the prior case involved the Defendant City of Tallahassee. The only issue here is whether the causes of action were the same.

The law of *res judicata* provides that "if a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Ragsdale, 193 F.3d at 1239 (*quoting* Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990).

The case at bar and the first case arise from the sam nucleus of operative facts. According to both complaints, Plaintiff believed he was harassed by Defendant Garrett, so Plaintiff researched and then published information about the Defendant on a website. This prompted additional harassment against Plaintiff, resulting in the filing of allegedly charges against Plaintiff for publishing that information. Without those events, the prior case would not have been filed. Indeed, Plaintiff would not have had standing to bring the constitutional challenge raised in the first case if he had not had a "well-founded fear" of prosecution for violating § 843.17.

The interrelated nature of these two cases is apparent from Plaintiff's submission of the Order[3] entered in that case. Doc. 42, attachment (doc. 61 of case 4:09cv373, p. 4). It was necessary for Judge Smoak to evaluate Plaintiff's published information about Defendant Garrett to determine whether Plaintiff's speech was of the kind given constitutional protection. *Id.*, at 5-7. The first case brought by Plaintiff against the City was to challenge the constitutionality of a state statute (§ 843.17) that was the basis of charges brought against Plaintiff.

Plaintiff contends that *res judicata* does not apply because he has more claims he wishes to bring against the City. Plaintiff agrees that he presented First and Fourteenth Amendment claims in the first case, but simply contends he now wishes to bring a Fourth Amendment claim and other claims, (doc. 23, pp. 2, 4). The doctrine of

---

[3] The order also makes clear that Plaintiff's claims for declaratory and injunctive relief against the City were dismissed (*see* doc. 33 of that case), and the only claim remaining at judgment was Plaintiff's claim against the City of Tallahassee for monetary damages and a claim for injunctive and declaratory relief against Defendant Meggs (who is not a party in this case). Doc. 61, case 4:09cv373, pp. 3-4.

*res judicata*, however, precludes litigation of an issue which *could* have been litigated

in the first action, but was not.

> If the later litigation arises from the same cause of action, *then the*
> *judgment bars litigation not only of "every matter which was actually*
> *offered and received to sustain the demand, but also [of] every [claim]*
> *which might have been presented.*"  *Baltimore S.S. Co. v. Phillips*, 274
> U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*,

498 U.S. 959 (1990) (emphasis added).

> The purpose behind the doctrine of res judicata is that the "full and fair
> opportunity to litigate *protects [a party's] adversaries from the expense*
> *and vexation attending multiple lawsuits, conserves judicial resources, and*
> *fosters reliance on judicial action by minimizing the possibility of*
> *inconsistent decisions.*"  Res judicata bars the filing of claims which
> were raised *or could have been raised in an earlier proceeding.*

Ragsdale, 193 F.3d at 1238 (citations omitted, emphasis added).

Plaintiff did not raise most of the claims against the City he now wishes to

bring in this case.  There is no reason those claims could not have been brought in

the earlier suit.  Judicial economy is best served when all claims are brought at one

time, in one case against a party.  Plaintiff has already brought his claims against

the City, and he had a full opportunity to bring other claims, but did not.  The City's

motion to dismiss, doc. 21, should be granted in this case because Plaintiff "has

already had his day in court."  Griswold, 598 F.3d at 1294.

In light of the foregoing, it is respectfully **RECOMMENDED** that the City of Tallahassee's motion to dismiss, doc. 21, be **GRANTED,** and the claims raised against the City in Plaintiff's amended complaint, doc. 6, be **DISMISSED** because the claims are barred by the doctrine of *res judicata*.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**